TRACY C. REWICK, APPELLEE v. DIERKS LUMBER & COAL COMPANY, APPELLANT.

FILED NOVEMBER 25, 1922. No. 22115.

1.  **Fraud:** DAMAGES: EVIDENCE. In an action for false representations, where it is claimed that plaintiff was entitled under contract to receive par, earned dividends, and undivided surplus upon sale of his stock, but that he was induced to take less by fraud of defendant, the contract is properly received in evidence for the purpose of showing amount of plaintiff's damages.

2.  ———: VALUE OF STOCK: STATEMENTS OF OFFICERS. In making a contract for the sale of his stock to the corporation, a stockholder may rely upon statements of an officer thereof as to the value of the stock as representations of fact.

3.  **Evidence:** VALUE OF STOCK: STATEMENTS BY EXPERTS. On the question of the value of corporate stock, statements prepared by expert accountants employed by the corporation, forming part of the records of the same and acted upon by the corporation as correct statements of its financial condition, are receivable in evidence as admissions against interest.

4.  ———: FALSE REPRESENTATIONS. In an action for false representations, while the questions are finally for the jury, plaintiff may be permitted to testify that he believed and relied upon such representations.

5.  **Fraud:** VALUE OF STOCK: EVIDENCE. While it is proper upon cross-examination, for the purpose of testing the opinion of a witness as to the value of corporate stock, to inquire as to his knowledge of other sales made about the same time, evidence of such sales is not admissible as substantive proof of such value.

APPEAL from the district court for Lancaster county: FREDERICK E. SHEPHERD, JUDGE. *Affirmed.*

*J. S. Kirkpatrick* and *M. L. Easterday,* for appellant.

*Peterson & Devoe, contra.*

Heard before MORRISSEY, C. J., LETTON, ALDRICH and DAY, JJ., REDICK, District Judge.

REDICK, District Judge.

Action to recover damages for false representations. Petition alleges that plaintiff while in its employ entered into a contract June 28, 1906, with defendant, whereby he agreed to sell and defendant agreed to purchase any stock owned by plaintiff in defendant company, in case plaintiff left their employ, at its value to be agreed upon by the parties or by arbitration; "provided' that the value so determined shall not be less than par, earned dividends, and undivided profits;" that about May 1, 1918, plaintiff was about to leave the employ of the defendant, and sold to defendant 72 shares of stock held by plaintiff for $225 a share; that plaintiff was induced to make the sale at that price by false representations on the part of the defendant that the "value of said stock did not exceed $225 a share." and "falsely and fraudulently concealed from plaintiff by the aforesaid false statements * * * what the value of the stock was;" that at the time of the sale the value of the stock computed at par, plus earned dividends and undivided profits, and its actual value was $335.73 a share, and asked judgment for the difference, $7,972.56. Defendant answered admitting its incorporation and denying all other allegations of the petition. Trial to a jury resulted in a verdict for plaintiff for $4,050, and defendant appeals.

Error is assigned on overruling defendant's motion to make the petition more definite and certain by stating the actual value of the stock and by setting out what

false representations as to the value were made. The petition alleged the actual value at $335.73 and the false representation that its value was $225. This was sufficient.

Error is claimed in the reception in evidence of the contract referred to in the petition, that it was immaterial and irrelevant. Defendant's position seems to be that at the time of the sale of the stock the parties dealt without reference to the contract; this was one of the litigated questions. It was perfectly competent for the parties, by the terms of the contract itself, to agree as to the value of the stock, and such an agreement, fairly made, would render the contract immaterial; but plaintiff claims he was induced to enter into the agreement of sale by fraud and that thereby he lost the benefit of his contract; and it seems clear that on plaintiff's theory the contract was quite material to show what he was entitled to receive for his stock and how much he was damaged. It will be noted that, in the absence of this contract, plaintiff's measure of damages would be the difference between the amount he received and the market value of the stock; with the contract, the second term of comparison is par, unearned dividends, and undivided profits. Moreover, it appears from the evidence that, at the date of the transfer of the stock, the contract was canceled. "This contract is hereby canceled April 27, 1918. Tracy C. Rewick." There was ample evidence to support a finding that the parties were dealing with the contract, and it was properly received in evidence.

On the question of the value of the stock, there were received in evidence audits by expert accountants showing condition of defendant's business December 31, 1916, 1917, and 1918. Defendant claims these were incompetent, although conceding that the books of defendant would have been competent. These audits were procured to be made by defendant, were a part of its records, and were used by it in securing credit at the banks, for in-

formation to commercial agencies, and as bases for income tax reports to the government. They were compiled from the accounts of defendant, a resumé of what the books showed as to the financial condition of defendant, and were receivable as admissions against interest on the plainest principles. They showed the net assets of the company, which tended to establish the value of the stock, as well as the price plaintiff was entitled to receive under his contract. These statements, being records of defendant, procured and acted upon by it, as correct statements of the condition of the company's affairs, were evidence as against defendant, of equal probative value as the books and accounts themselves from which they were compiled.

Complaint is made that plaintiff was permitted to testify that he relied upon the statements alleged to be false and believed them. These, of course, were questions for the jury, but in this class of cases, contrary to the general rule, evidence of the state of mind of the party is admissible. *Arnstine Bros. & Mier v. Treat,* 71 Mich. 561. Defendant offered to prove a number of stock sales from 1915 to 1918 as showing the value of the stock, and the refusal of the court to receive this evidence is assigned as error. Such evidence is clearly incompetent. *Union P. R. Co. v. Stanwood,* 71 Neb. 158.

Objections to the instructions are made, some of which we will refer to. By No. 4 the court instructed the jury that, the corporation having received the benefit of the purchase of plaintiff's stock, it was bound by any representations of its officer whether he had authority or not to make them. It is not contended that this is not the law, but that there was nothing in the case calling for it, and that it had a tendency to prejudice the jury; but defendant's officer testified that he was not authorized to buy the stock, and this justified the instruction.

Appellant contends the jury should have been instructed that the representation must have been known

to be false; but that is not the law of this state. *Gerner v. Mosher*, 58 Neb. 135, 149. Also that the representation as to the value was only an opinion; the representation having been made by a superior officer of the company as to a fact supposedly within his knowledge, the truth of which could only be learned by an investigation, plaintiff had a right to rely upon it. *Foley v. Holtry*, 43 Neb. 133; *Ludowese v. Amidon*, 124 Minn. 288.

A number of other errors are assigned; but, while we have carefully considered them all and read the record and appellant's brief, we do not deem it necessary to further refer to them.

Defendant, however, finally contends that the increased book value of defendant's stock is due entirely to an item of "appreciation" entered in 1917, which it is said added nothing to the value of the stock. True, the mere entry upon the books added nothing, but it is our understanding that such an item represents an increase in the value of the item to which it refers, over its cost; the entry upon the books of defendant of this item was an admission by them of such increased value, and, if it represented the fact, such increase would be reflected in the value of the stock. It was open to defendant to show that there was in fact no appreciation, but it did not do so. The item was, therefore, proper to be considered by the jury in determining the value of the stock. The jury evidently considered the evidence carefully and reduced plaintiff's claim nearly 50 per cent., and the verdict is fairly sustained by the evidence.

We find no prejudicial error in the record, and the judgment is

AFFIRMED.